BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL-288 -- In re Hamilton Bank (of Atlanta) Securities Litigation

ORDER DENYING MOTION AS MOOT

2/7/77

It appearing that an order was entered in the action filed in the Eastern District of Tennessee transferring that action to the Northern District of Georgia pursuant to 28 U.S.C. §1406(c),

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 for transfer of the action filed in the Eastern District of Tennessee and listed on the attached Schedule A to the Northern District of Georgia be, and the same hereby is, DENIED as moot.

FOR THE PANEL:

John Minor Wisdom
Chairman

SCHEDULE A                                      MDL- 288


## NORTHERN DISTRICT OF GEORGIA

The Hamilton Bank & Trust Co. v. T. Wendell          Civil Action
Holliday, et al.                                     No. C76-1558A

William L. Gunter, et ux. v. Theodore M.             Civil Action
Hutcheson, et al.                                    No. 76-1702A

## EASTERN DISTRICT OF TENNESSEE

Federal Deposit Insurance Corp., et al. v.           Civil Action
William L. Gunter, et al.*                           No. 1-76-248


(*)Transferred on January 25, 1977 to the United States
   District Court for the Northern District of Georgia
   under 28 U.S.C. §1406(c).

DOCKET NO. 288

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE HAMILTON BANK (OF ATLANTA) SECURITIES LITIGATION

TO COUNSEL FOR ALL PARTIES INVOLVED IN THE HAMILTON BANK
(OF ATLANTA) SECURITIES LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGA
FILED

APR 29 1977

PATRICIA D. HOWAR
CLERK OF THE PANE

4/29/77

ORDER TO SHOW CAUSE

You and each of you are hereby ordered to show cause why
the actions listed on the attached Schedule A should not be
transferred pursuant to 28 U.S.C. §1407 to a single district
for coordinated or consolidated pretrial proceedings.

Responses to this order shall conform with the requirements
of Rule 8, of the Rules of Procedure of the Judicial Panel on
Multidistrict Litigation, 65 F.R.D. 253 (1975).

You are further notified that the issuing of this order
by the Panel does not affect or suspend orders and discovery
proceedings in the district court in which said multidistrict
litigation is pending.  RPJPML (Rule 16).

FOR THE PANEL:

John Minor Wisdom
Chairman

Attachment

DOCKET NO. 288                                    SCHEDULE A

### NORTHERN DISTRICT OF GEORGIA

The Hamilton Bank & Trust Co. v. T.          Civil Action
Wendell Holliday, et al.                     No. C76-1558A

William L. Gunter, et ux. v. Theodore M.     Civil Action
Hutcheson, et al                             No. C76-1702A

### EASTERN DISTRICT OF TENNESSEE

Kyle R. Weems, Trustee v. N. Roundtree       Civil Action
   Youmans, et al.                           No. 1-77-30

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE HAMILTON BANK (OF ATLANTA)  )         DOCKET NO. 288
SECURITIES LITIGATION             )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY  AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of three actions pending in two
federal districts -- two in the Northern District of Georgia
and one in the Eastern District of Tennessee.  The principal
actors in this litigation are Hamilton National Bank of
Chattanooga (Chattanooga bank); Hamilton Factors, a company
engaged in the business of establishing pools of accounts,
notes and obligations of other persons and selling
participations in those pools; Hamilton Mortgage Corpora-
tion; Hamilton Bancshares, a bank holding corporation
which allegedly owned the stock of the above entities
(collectively referred to as the Hamilton family of insti-
tutions); officers and directors of the above entities;
the accountants for Hamilton Bancshares; Hamilton Bank and
Trust Co. (Atlanta bank); William L. and Camille S. Gunter,
individual investors in the Atlanta bank; and the Federal
Deposit Insurance Corporation (FDIC), in its capacities as

receiver and liquidator for the Chattanooga bank and as
successor in interest to the Atlanta bank.  The members
of the Hamilton family of institutions are presently in
bankruptcy proceedings, and are therefore not named as
defendants in any of the actions before the Panel. Eighteen
individuals are each named as defendants in all three actions,
nineteen individuals are each named as defendants in two of
the three actions, and several other individuals are named
as defendants in only one action.

One of the Georgia actions was filed by the Atlanta
bank under the federal securities laws, Georgia securities
laws and principles of common law fraud against certain
officers and directors of Hamilton Factors and Hamilton
Bancshares.  The Atlanta bank states that it purchased certain
loan participations from Hamilton Factors in September 1974
and May 1975.  In each instance, the Atlanta bank alleges,
it was a passive investor in the loan pool and, in making
the decision to invest, relied on prospectuses and oral
communications concerning the operation of the loan pool
and the quality and security of the loans in the loan pool.
Subsequently, the Atlanta bank alleges, it discovered
that those prospectuses and oral communications contained
material misrepresentations and that therefore it had been
fraudulently induced to invest in the loan pool.  The
Atlanta bank seeks rescission of the purchase of the loan
participations, or, in the alternative, damages of $700,000.

The other Georgia action (Gunter) was filed by William and Camille Gunter under, inter alia, the federal securities laws, Georgia securities laws and principles of common law fraud against certain officers and directors of the Chattanooga bank and Hamilton Bancshares. The Gunters state that on December 30, 1974, they were induced by the defendants to purchase 302,373 shares of common stock in the Atlanta bank for a total of $5.5 million. In payment for the stock, the Gunters allege that they executed notes payable to the Chattanooga bank in the amounts of $2.5 million and $3 million. The Gunters allege that in making their decision to invest they relied on the representations of the defendants concerning, among other factors, the financial condition of the Atlanta bank and the soundness of certain loan participations which the Atlanta bank had acquired from Hamilton Factors. Plaintiffs allege that subsequent investigation has revealed that the representations made to induce them to invest were fraudulent; that the Atlanta bank has since failed; and that they have suffered substantial damages. The Gunters seek to rescind the purchase contract, or alternatively, they seek damages from the defendants. The complaint in the Gunter action has been amended to add the FDIC as a defendant.

The Tennessee action was filed by the trustee in bankruptcy for Hamilton Bancshares under, inter alia, the federal securities laws and principles of negligence and

breach of fiduciary duties.  Defendants are officers and directors of Hamilton Bancshares, Hamilton Mortgage Corp. and the Chattanooga bank; and the accountants for Hamilton Bancshares.  The action is brought by the trustee for the benefit of the creditors and stockholders of those three Hamilton entities.  Plaintiff alleges that mismanagement of the three Hamilton entities by the officers and directors and failure by the accountants to ascertain and report accurately the financial condition of those entities re-sulted in the failure of the Hamilton family of institutions. Plaintiff seeks damages in the amount of $150 million, the alleged losses of the creditors and stockholders.

Pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975), the Panel issued an order to show cause why these three actions should not be transferred to a single district for coordi-nated or consolidated pretrial proceedings.[1]  All responding parties except the trustee for Hamilton Bancshares oppose transfer.

Although we recognize the existence of some common questions of fact among these actions, we find that trans-fer under Section 1407 would not necessarily serve the con-venience of the parties and witnesses or promote the just and efficient conduct of these actions.  Accordingly, the order to show cause is vacated.

---

[1] One party suggests that, in the event transfer is ordered in this litigation, the Panel also transfer a fourth action -- Batchelor, et al. v. Hamilton Bancshares, Inc., et al., W.D. Tennessee, Civil Action No. C-75-511.  Since we are denying transfer in this litigation, that request is moot.

The trustee stresses that there is an overlap among the defendants in these three actions; that certain areas of factual inquiry concerning the activities of those defendants and others in connection with the failure of the Hamilton family of institutions, and the alleged misrepresentations by those defendants and others concerning the financial condition of the Hamilton family of institutions, will be common to these actions; and that transfer of these actions to a single district pursuant to Section 1407 is therefore appropriate.

We disagree.  Only three actions in two districts are involved here.  Viewing the record before us in the light most favorable to the advocate of transfer, we realize that these three actions may share some questions of fact regarding the operation of Hamilton Factor's loan pools and some of the allegedly intertwined activities of the Hamilton entities.  The Tennessee action, however, is much broader in scope than the Georgia actions.  The complaint in the Tennessee action alleges general mismanagement of several Hamilton entities.  In contrast, the complaints in the two Georgia actions focus on alleged misrepresentations concerning specific transactions involving fewer of those entities.  In any event, we are simply not persuaded at the present time that the common factual questions that may be present are complex enough to justify transfer under Section 1407.  See In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969).  Our decision is made without prejudice

to the right of any party to move for transfer at a later
date if it believes future circumstances so require.

IT IS THEREFORE ORDERED that the order to show cause
regarding the actions listed on the following Schedule A be,
and the same hereby is, VACATED, without prejudice to the
right of any party to move for transfer under Section 1407
at a later date if it believes future circumstances so
require.

Schedule A                                                    MDL-288

## NORTHERN DISTRICT OF GEORGIA

The Hamilton Bank & Trust Co. v.              Civil Action
T. Wendell Holliday, et al.                   No. C76-1558A

William L Gunter, et ux. v.                   Civil Action
Theodore M. Hutcheson, et al.                 No. C76-1702A

## EASTERN DISTRICT OF TENNESSEE

Kyle R. Weems, Trustee v. N. Roundtree        Civil Action
Youmans, et al.                               No. 1-77-30